UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAMARR ROWELL, | 2:07-cv-01169-RCJ-RJJ |
| *Plaintiff*, | |
| vs. | ORDER |
| DET. GIANNOUE (P#6225); OFFICER M. SEED (P#6724); OFFICER J. HIDDEMA (P#8608); OFFICER W. YOUNG (P#9636); and EWING BROS. TOWING CO., | |
| *Defendants*. | |

## INTRODUCTION

Before the Court is Plaintiff's Motion to Extend Prison Copywork Limit (# 92). Plaintiff seeks to have his copywork limit extended for the narrow purposes of the instant habeas corpus proceedings. Defendants J. Giannoue, Officer M. Seed, Officer J. Hiddema and Officer W. Young (collectively "LVMPD Defendants") filed a Non-Opposition to Plaintiff's Motion. (# 93). Defendant Ewing Bros. Towing Co. has not filed an responsive pleading.

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Prison Copywork Limit (# 92) is GRANTED.

## DISCUSSION

Petitioner is an indigent prisoner, as demonstrated by the Motion for Leave to Proceed In Forma Pauperis. (# 1). Nevada Department of Corrections ("NDOC") Administrative Rule

1

722.12(4) allows Petitioner to accrue a $100 debt against his account towards legal copywork which, once reached, prohibits him from accumulating any further indebtedness for such copywork. The Rule allows for exceptions, stating "[e]xceptions to this rule would be a court order received directly from the courts . . ." A.R. 722.12.

Petitioner has reached or exceeded the $100.00 limit of the administrative rule. Accordingly, NDOC has prohibited him at this time from receiving any further legal copywork in the instant proceeding unless the Court issues an order allowing him to do so. Petitioner claims that he needs additional copywork services in order to litigate his instant petition. Specifically, in addition to his originals of all pleadings, motions and other documents in this case, he claims to need copies to serve upon Respondents per Federal Rule of Civil Procedure 5, and Local Rules 5-1 and 7-2. The Ninth Circuit has determined that giving a prisoner access to copies required to file, serve opponents, and maintain a copy of the inmate's records, is reasonable. *See, e.g., Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991) (upholding an injunction requiring the prison to allow a prisoner access to copywork as discussed above).

Denial of Petitioner's request, would not result in Petitioner being completely unable to further pursue this litigation. He could copy by hand the necessary pleadings. But as one court has stated, it would be "needlessly draconian" to require inmates to copy all documents by hand. *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981) (quoted in *Gluth*, 951 F.2d at 1510). Accordingly, it is reasonable to permit Petitioner to make the copies necessary in the furtherance of this litigation, particularly in light of Defendants' non-opposition to the motion. But this is not an open ended grant regarding Petitioner's copywork privileges; it is limited to copies necessary to file motions, serve opponents, and maintain a copy for petitioner's records in this litigation alone.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Prison Copywork Limit (# 92) is GRANTED. Per Nevada Department of Corrections Administrative Rule 722.12(4), the Nevada

Department of Corrections shall allow Petitioner the copywork necessary to make copies of Petitioner's motions, to serve Defendants, and for Petitioner's records as they relate to the instant litigation pending before this Court.

Dated this _____ day of May, 2010.

```
                                    ROBERT C. JONES
                                    UNITED STATES DISTRICT JUDGE
```