

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAMARR ROWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>DET. GIANNOUE (P #6625); OFFICER M. SEED (P #6724); OFFICER J. HIDDEMA (P #8608); OFFICER W. YOUNG (P #9636); AND EWING BROS. TOWING CO.,<br><br>  Defendants. | 2:07-cv-01169-RCJ-RJJ<br><br>**ORDER** |

Currently before the Court is Plaintiff Lamarr Rowell's ("Plainiff") Motion for Decision on Remaining Claims (#97) filed on June 1, 2010. Defendants Giannoue, Hiddema, Seed and Young (collectively referred to herein as "Defendants") filed an Opposition (#97) to the Motion for Decision on Remaining Claims and Plaintiff filed a Reply (#101).

Also before the Court is a Motion to Reopen Case and Reinstate Claims (#106) filed by Plaintiff on August 9, 2010.

**I. Motion for Decision on Remaining Claims**

On March 15, 2010, the Court entered an Order in this matter granting summary judgment on behalf of Defendants Giannoue, Seed, Hiddema and Young. (Order (#87)). On March 29, 2010, Plaintiff filed a Notice of Appeal of that Order to the Ninth Circuit Court of Appeals (the "Ninth Circuit"). On May 19, 2010, the Ninth Circuit entered an order dismissing Plaintiff's appeal on the grounds that it lacked jurisdiction because the order challenged was not final or appealable. The Ninth Circuit noted that other claims were pending in the matter.

On May 24, 2010, a few days after the Ninth Circuit's order, this Court entered an Order

dismissing the case. (Order (#96)). In that Order, the Court dismissed the remaining claims pending in Plaintiff's case and closed the case in its entirety. However, on June 1, 2010, relying on the Ninth Circuit's order, Plaintiff filed a motion in this Court seeking a decision on the remaining claims.

The Court, now having reviewed Plaintiff's Motion for Decision on Remaining Claims (#97), denies the motion as moot. The Court's Order (#96) dismissed all remaining claims in this matter. In addition, it appears from the record before the Court that Plaintiff has filed an additional appeal of this Court's Orders on August 23, 2010.

## II. Motion to Reopen Case and Reinstate Claims

Also before the Court is Plaintiff's Motion to Reopen Case and Reinstate Claims (#106). In his motion, Plaintiff argues that the claims against Defendant Ewing Brothers Towing Co. should be "reopened" because "there is still a[n] undecided claim remaining against LVMPD defendants." (Mot. to Reopen Case (#106)).

The Court finds that this motion is without merit. The claims against the "LVMPD defendants" were determined by summary judgment by the Court on March 15, 2010. In addition, as indicated in the Court's Order (#96), the claims against Ewing Brothers Towing Co. were dismissed for failure to effectuate proper service of process on that defendant.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Decision on Remaining Claims (#97) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reopen Case and Reinstate Claims (#106) is DENIED.

DATED: This 29th of December, 2010.

United States District Judge