**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LAMAR ROWELL, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:07-cv-01169-RCJ-RJJ |
| | ) ) | **ORDER** |
| DET. GIANNOUE, et al., | ) ) | |
| Defendants. | ) ) ) | |

This case is on partial remand from the U.S. Court of Appeals for the Ninth Circuit. (Mem. Dispo., ECF 115, at 2–3). Plaintiff has moved for a pretrial conference under Local Rule 16-2. (ECF No. 120). For the reasons given herein, the Court requires supplemental briefing before it can dispose of the issues on remand, dismisses Plaintiff's Fourth Amendment search and seizure claims without prejudice, and denies the Motion for a Pretrial Conference.

**I.    FACTS AND PROCEDURAL HISTORY**

On July 5, 2007, Plaintiff was stopped by Las Vegas Metropolitan Police Department ("LVMPD") Officers Hiddema, Seed, and Young while driving his 1996 Dodge Neon on 4920 South Fort Apache Road in Las Vegas. The officers, along with Detective J. Giannoue (collectively "the Police Defendants"), arrested Plaintiff for burglary, possession of a credit card without the owner's consent, and failure to change address. (Compl., ECF No. 5, at 4). Following the arrest, Plaintiff was transported to Clark County Detention Center ("CCDC"), and Ewing Brothers Towing Company ("Ewing Bros.") towed his vehicle. (*Id.*). The Property Impound

Report ("PIR") notes that although the vehicle was used in the commission of a burglary, the LVMPD did not place a hold on it. (PIR, ECF No. 71-2, at 22). Similarly, the PIR specifically states that the vehicle was free to be released. (*Id.*).

During his deposition, Plaintiff showed Defendants a copy of the PIR released to his attorney. According to the dissemination stamp on this copy, the PIR was disseminated by LVMPD to the Clark County District Attorney on July 6, 2007—one day after Plaintiff's arrest. (Depo. Trans. L. Rowell, ECF No.71-2, Exhibit A, at 37). Plaintiff retained counsel two days later. (*Id.* at 36).

On July 7, Ewing Bros. sent Plaintiff a notice of public auction. (Notice, ECF No.71-2, at 24). The notice was mailed via certified letter, which was signed for by a "Jesse L. Sanders" at the Black Forest Drive address listed on the vehicle registration. (*Id.*). The letter explained that the vehicle would be auctioned on August 24, 2007, pursuant to Chapters 108, 484, and 487 of the Nevada Revised Statutes, unless Plaintiff made arrangements to pay the applicable towing, storage, and administrative charges. (*Id.*) Ewing Bros. also published a notice of public auction on August 2, 9, and 16 in the Las Vegas Review-Journal and Las Vegas Sun newspapers. (Published Notice, ECF No. 71-2, at 27). The vehicle was apparently sold at auction.

On the night of his arrest, Plaintiff called family members to arrange for someone to retrieve the vehicle from the scene of the arrest "but was told that it was no longer there." (Opp'n to Mot. Summ. J., ECF No. 79, at 5). He claims that had he known that the car was impounded at the Ewing Bros. facility, he would have had a family member retrieve it that night. (Depo. Trans. L. Rowell, ECF No.71-2, Exhibit A, at 30). He also admits that although he was familiar with the CCDC inmate Grievance procedure, whereby inmates can send "kites" to CCDC staff to inquire about specific property matters, he never sent a grievance to any CCDC employee regarding his

vehicle. (*Id.* at 28). Instead, his efforts to locate the vehicle consisted of enlisting his attorney to investigate the matter. (*Id.* at 28–29). On or around August 23, Plaintiff received a discovery packet, which contained a copy of the PIR. (*Id.*). Plaintiff then contacted Ewing Bros. and learned that the vehicle was no longer in Ewing Bros.' possession. (*Id.*).

On August 30, 2007, Plaintiff sued in this Court for violations of his Fourth Amendment right to be free from unreasonable searches and seizures and violations of his Due Process and Equal Protection rights under the Fourteenth Amendment. (Compl., ECF No. 5). Plaintiff requested the following relief: (1) a permanent injunction to stop the Police Defendants from following Plaintiff; (2) a permanent injunction to stop the Police Defendants from selling or stealing property; (3) an order that the Police Defendants return all of Plaintiff's property; (4) $25 million in damages for the three counts for which he was convicted; and (5) $1 million in damages for each day that he has been incarcerated without a final disposition of the charges against him. (*Id.* at 9). On March 13, 2008, the Police Defendants filed a Motion to Dismiss (ECF No. 11). The Court granted the motion in part, dismissing the entire Complaint with prejudice, except for the procedural due process claim:

> Plaintiff alleges that the [Police] Defendants released his personal property, namely his vehicle, for public sale without affording him the opportunity to dispose of the vehicle in another manner. The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. *See Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). "The central meaning of procedural due process is that parties whose rights are to be affected are entitled to be heard at a meaningful time and in a meaningful manner." *Orloff v. Cleland*, 708 F.2d 372, 379 (9th Cir. 1983).
>
> To prevail on a claim for a procedural due process violation, the party must prove three elements: 1) a protectable liberty or property interest, 2) government deprivation of that interest, and 3) a denial of adequate procedural protections. *See Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998). Plaintiff alleges that he had a protectable property interest in his automobile, that the [Police] Defendants violated that interest, and that he was

    denied adequate procedural protection. Because Plaintiff's procedural due process claim would apply to the disposition of Plaintiff's vehicle after the authorized inventory search was conducted, the success of Plaintiff's procedural due process claim would not necessarily imply the invalidity of his conviction or sentence and is therefore not barred by *Heck*. Thus, construing Plaintiff's Complaint liberally and affording Plaintiff any benefit of the doubt, the Court holds that Plaintiff has sufficiently pled a procedural due process cause of action.

(Order, ECF No. 36, at 7). Then, the Court denied default judgment to Plaintiff, even against Ewing Bros., who had failed to defend, because the LVMPD Defendants intended to file a motion for summary judgment that would test the merits of the case. (*See* Order, ECF No. 66). That motion was filed on December 23, 2009. (ECF No. 71).

On March 15, 2010, the Court issued an Order granting, *inter alia*, the LVMPD Defendants' Motion for Summary Judgment and thereby dismissed the case (Order, ECF No. 87). In granting the Motion, the Court concluded that Plaintiff had failed to present any evidence showing that Defendants Giannoue, Seed, or Young personally participated in the alleged unlawful sale of Plaintiff's vehicle. (*Id.* at 7). Indeed, the Court found that Plaintiff had conceded that Defendants Seed, Giannoue, and Young had nothing to do with the seizure or sale of his vehicle. Similarly, the Court concluded that there was no evidence to support a finding that Defendant Hiddema was involved in the sale of the vehicle, even though he was listed as the impounding officer on the impound report, and that "a reasonable fact-finder" would conclude "that the sale was caused by Ewing Bros." (*Id.* at 8). Shortly thereafter, Plaintiff filed a Notice of Appeal with the U.S. Court of Appeals for the Ninth Circuit.

After the Parties briefed the issues, the Ninth Circuit issued a Memorandum Disposition. (Mem. Dispo., ECF 115, at 2–3). In the Memorandum, the Ninth Circuit affirmed in part and vacated in part, and it remanded the matter back to this Court. Specifically, the Ninth Circuit noted that this Court did not address Plaintiff's due process claim regarding his lack of notice of

the towing of his vehicle. As a result, the Ninth Circuit vacated summary judgment as to Officer Hiddema, remanding to this Court to consider "in the first instance whether [Plaintiff] was provided adequate notice regarding the towing of his vehicle." (*Id.*). The Ninth Circuit further instructed that if this Court concludes that the notice was deficient, it "should also consider whether Officer Hiddema's provision of an address [he] allegedly knew to be outdated on the impound report contributed to [the deficiency]." (*Id.*). Finally, the Circuit Court explained that if this Court determines that Officer Hiddema violated Plaintiff's due proves rights, it should address the issue of qualified immunity. (*Id.*).

The Ninth Circuit did, however, hold that this Court's grant of summary judgment in favor of Defendants Seed, Giannoue, and Young was appropriate and that the Court did not abuse its discretion in dismissing Plaintiff's claims against Ewing Bros. The Ninth Circuit also held that the Court properly dismissed Plaintiff's Fourth Amendment claims as *Heck*-barred. However, it vacated judgment with respect to those claims and remanded with instructions to dismiss them without prejudice. (*Id.* at 3). On July 13, 2013 Plaintiff moved this Court for a pretrial conference, citing Local Rule 16-2. (ECF No. 120). The Court now considers the issues on remand and the pending motion for a pretrial conference.

II.   **DISCUSSION**

   **A.  Procedural Due Process**

Plaintiff contends that Officer Hiddema personally participated in a due process violation. Specifically, in the Complaint, Plaintiff alleged:

> [Officer Hiddema] w/o my consent, and w/o fair notice, and w/o providing me an opportunity to have my car picked up by my family/friends, hired [Ewing Brothers] to steal my car with specific instructions not to hold for impound but to release car to public for sale.

5

(Compl., ECF No. 5, at 5). Plaintiff has since refined his argument, particularly with respect to the alleged notice deficiency. He now argues that because Hiddema arrested him for failure to report his change of address as an ex-felon, he unquestionably knew that Plaintiff no longer lived at the "Black Forest [Drive] address" listed on the vehicle registration. Nonetheless, he continues, Hiddema "prepared and singed the [PIR][,] knowingly using the false Black Forest [Drive] address," instead of properly listing CCDC as Plaintiff's last known address. (Opp'n to Mot. Summ. J., ECF No. 79, at 7). Hiddema then gave the pink copy of the PIR to Ewing Bros., without providing notice of the tow to the Plaintiff, and Ewing Bros. used the Black Forest Drive address in its attempt to deliver mailed notice of the public auction. (*Id.*).

Here, Plaintiff appears to argue that the evidence of Hiddema's knowing use of the wrong address on the PIR demonstrates, at minimum, that there are genuine issues of material fact concerning both the allegedly deficient notice procedures and Hiddema's alleged contribution to that deficiency. Thus, Plaintiff contends, he has adduced evidence sufficient to preclude summary judgment on his Fourteenth Amendment, due process claim.

The Court requires additional briefing before it can rule on this argument. Specifically, the Court invites the parties to submit blind briefs, within thirty (30) days of the entry of this Order, addressing the following issues: (1) Are there remaining questions of material fact with respect to whether Plaintiff was, in fact, on notice of the vehicle's status and location before it was sold; (2) What procedural protections were employed to provide Plaintiff with notice of the location and status of his vehicle; (3) Were these procedural protections adequate under the controlling precedent; (4) Are there are any questions of material fact concerning any element of the due process claim asserted against Officer Hiddema for his alleged contribution to the allegedly deficiency—and specifically, is there a question of fact with respect to whether

Hiddema possessed the mental state necessary to find a due process violation[1]; (5) Are there are any questions of material fact with respect to whether Officer Hiddema is entitled to qualified immunity; (6) Can the Court properly decide the issue of Hiddema's potential liability at the summary judgment stage; and (7) Even assuming that Hiddema is otherwise liable, was Plaintiff afforded a meaningful postdeprivation remedy such that the alleged deprivation does not constitute a due process violation, *see Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."). The Parties may file responses and replies in accordance with the timelines established in Local Rule 7-2(e).

### B. Fourth Amendment Claims

Consistent with the Ninth Circuit's Memorandum Disposition (ECF No. 115), the Court dismisses Plaintiff's Fourth Amendment search and seizure claims without prejudice.

### C. Pretrial Conference

The Court denies Plaintiff's Motion for a Pretrial Conference, finding that it is premature at this time.

---

[1] The Parties are reminded that to succeed on a procedural due process claim under § 1983, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived plaintiff of a federal constitutional or statutory right." *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir.1989) (citing *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir.1987)). Before a constitutional violation is found under § 1983, however, *the defendant must be shown to have possessed a threshold state of mind*. *See, e.g.*, *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1088 (9th Cir.2009) (emphasis added); *compare id.* at 1089 (holding that "reckless disregard" is sufficient where investigators failed to disclose exculpatory material to the prosecution) *with Wood*, 879 F.2d at 588 & n. 4 (applying a "deliberate indifference" standard to violations of personal security). In any case, "mere negligence or lack of due care by state officials" does not support a § 1983 claim for violation of the Fourteenth Amendment. *Wood*, 879 F.2d at 587 (citing *Daniels v. Williams*, 474 U.S. 327, 330–32 (1986), and *Davidson v. Cannon*, 474 U.S. 344, 347(1986)).

**CONCLUSION**

IT IS HEREBY ORDERED that the Parties shall submit supplemental briefs addressing the issues on remand within thirty (30) days of the entry of this Order. The Parties may file responses and replies in accordance with the timelines established in Local Rule 7-2(e).

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment search and seizure claims are dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Pretrial Conference (ECF No. 120) is denied as premature.

Dated: December 31, 2013

_____
ROBERT C. JONES
United States District Judge