1

2

3

4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

5

6

_____

7    LAMARR ROWELL,

8                    Plaintiff,

9          vs.

10   EWING BROS. TOWING CO. et al.,

11                   Defendants.

_____

12

)
)
)
)
)
)
)
)
)
)
)

2:07-cv-01169-RCJ-RJJ

**ORDER**

13        This case is on partial remand from the U.S. Court of Appeals for the Ninth Circuit. It is a

14   42 U.S.C. § 1983 action arising out of Plaintiff's arrest and the subsequent seizure of his vehicle

15   and personal property therein. The Court granted summary judgment to Defendants. The Court

16   of Appeals reversed in part and remanded for further proceedings. Plaintiff moves the Court to

17   issue an order on remand (ECF No. 130) and to order sanctions against Defendants' counsel

18   (ECF No. 129).

19   **I.        FACTS AND PROCEDURAL HISTORY**

20        On July 5, 2007, Plaintiff was stopped by Las Vegas Metropolitan Police Department

21   ("LVMPD") Officers Hiddema, Seed, and Young while driving his 1996 Dodge Neon on 4920

22

23

24

South Fort Apache Road in Las Vegas. The officers, along with Detective J. Giannone[1] (collectively "the Police Defendants"), arrested Plaintiff for burglary, possession of a credit card without the owner's consent, and failure to change address as an ex-felon. (Compl., 4, ECF No. 5; Police Report, 20, ECF No. 71-2). Officer Hiddema completed a Property Impound Report ("PIR"), listing the "Registered Owner's Address" as "2928 Black Forest Dr.," (PIR, 22, ECF No. 71-2). Plaintiff was homeless and, thus, did not have an address at the time he was arrested. (Dep. L. Rowell, 14:2-5, ECF No. 71-2 at 7; 17:17-19, at 8).

Following the arrest, Plaintiff was transported to Clark County Detention Center ("CCDC"), and  Ewing Brothers Towing Company ("Ewing Bros.") towed his vehicle. (*Id.*). The PIR notes that although the vehicle was used in the commission of a burglary, the LVMPD did not place a hold on it. (PIR, 22). Similarly, the PIR specifically states that the vehicle was free to be released. (*Id.*). During his deposition, Plaintiff showed Defendants a copy of the PIR released to his attorney. According to the dissemination stamp on this copy, the PIR was released by LVMPD to the Clark County District Attorney on July 6, 2007—one day after Plaintiff's arrest. (Dep. L. Rowell, 37:3-15, at 13). Plaintiff retained counsel a week after his arraignment. (*Id.* at 36:13-19).

On July 7, Ewing Bros. sent Plaintiff a notice of public auction. (Notice, 24, ECF No.71-2). The notice was mailed via certified letter, which was signed for by a "Jesse L. Sanders" at the

---

[1] The parties and Court have used two variations of Officer Giannone's last name: Giannone and Giannoue. The Court will use Giannone moving forward because the officer signed his name using this spelling on the police report involved in the case. (*See* Police Report, 20, ECF No. 71-2).

Black Forest Drive address listed on the vehicle registration. (*Id.*). The letter explained that the vehicle would be auctioned on August 24, 2007, unless Plaintiff made arrangements to pay the applicable towing, storage, and administrative charges. (*Id.*) Ewing Bros. also published a notice of public auction on August 2, 9, and 16 of 2007 in the Las Vegas Review-Journal and Las Vegas Sun newspapers. (Published Notice, 27, ECF No. 71-2). The vehicle was apparently sold at auction.

On the night of his arrest, Plaintiff called family members to arrange for someone to retrieve the vehicle from the scene of the arrest "but was told that it was no longer there." (Opp'n to Mot. Summ. J., 5, ECF No. 79). He claims that had he known the car was impounded at the Ewing Bros. facility, he would have had someone retrieve it that night. (Dep. L. Rowell, 30:8-11, at 11). He also admits that although he was familiar with the CCDC inmate Grievance procedure, whereby inmates can send "kites" to CCDC staff to inquire about specific property matters, he never sent a grievance to any CCDC employee regarding his vehicle. (*Id.* at 28:1-16). Instead, his efforts to locate the vehicle consisted of enlisting his attorney to investigate the matter. (*Id.* at 28:19-21). On or around August 23, Plaintiff received a discovery packet, which contained a copy of the PIR. (*Id.* at 29:1-4). Plaintiff then contacted Ewing Bros. and learned that the vehicle was no longer in the possession of Ewing Bros. (*Id.* at 29:5-13).

On August 30, 2007, Plaintiff sued in this Court for violations of his Fourth Amendment right to be free from unreasonable searches and seizures and violations of his due process and equal protection rights under the Fourteenth Amendment. (Compl., ECF No. 5). Plaintiff requested the following relief:  (1) a permanent injunction to stop the Police Defendants from

3 of 16

following Plaintiff; (2) a permanent injunction to stop the Police Defendants from selling or stealing property; (3) an order that the Police Defendants return all of Plaintiff's property; (4) $25 million in damages for the three counts for which he was convicted; and (5) $1 million in damages for each day that he has been incarcerated without a final disposition of the charges against him. (*Id.* at 9). On March 13, 2008, the Police Defendants filed a Motion to Dismiss (ECF No. 11). The Court granted the motion in part, dismissing the entire Complaint with prejudice, except for the procedural due process claim. (Order, 7, ECF No. 36). The Court then denied default judgment to Plaintiff, even against Ewing Bros., who had failed to defend, because the LVMPD Defendants intended to file a motion for summary judgment that would test the merits of the case. (*See* Order, ECF No. 66). That motion was filed on December 23, 2009. (ECF No. 71).

On March 15, 2010, the Court issued an Order granting, *inter alia*, the LVMPD Defendants' Motion for Summary Judgment and thereby dismissed the case. (*See* Order, ECF No. 87). In granting the Motion, the Court concluded that Plaintiff had failed to present any evidence showing that Defendants Giannone, Seed, or Young personally participated in the alleged unlawful sale of Plaintiff's vehicle. (*Id.* at 7). Indeed, the Court found that Plaintiff had conceded that Defendants Seed, Giannone, and Young had nothing to do with the seizure or sale of his vehicle. Similarly, the Court concluded that there was no evidence to support a finding that Defendant Hiddema was involved in the sale of the vehicle, even though she was listed as the impounding officer on the impound report, and that "a reasonable fact-finder" would conclude "that the sale was caused by Ewing Bros." (*Id.* at 8). Shortly thereafter, Plaintiff filed a Notice of

Appeal with the U.S. Court of Appeals for the Ninth Circuit by which he appealed his Fourth Amendment claims and the Court's order granting Defendants' motion for summary judgment.

After the Parties briefed the issues, the Ninth Circuit issued a Memorandum Disposition. (Mem. Dispo., 2–3, ECF No. 115). In the Memorandum, the Ninth Circuit affirmed the Court's dismissal of Plaintiff's claims against Ewing Bros. Towing Co. and his Fourth Amendment claims, but it determined that the Court should have dismissed Plaintiff's Fourth Amendment claims without prejudice. The Court did so on December 31, 2013. (*See* ECF No. 125). The Court of Appeals also affirmed the Court's order on summary judgment in part, vacated in part, and remanded the order. (*See* ECF No. 115). The Court of Appeals affirmed the Court's order granting summary judgment to Defendants as to Giannone, Seed, and Young, but it vacated the order as to Plaintiff's due process claim as to Hiddema. Specifically, the Ninth Circuit noted that this Court did not address Plaintiff's due process claim regarding his lack of notice of the towing of his vehicle. The Ninth Circuit remanded to this Court to consider "in the first instance whether [Plaintiff] was provided adequate notice regarding the towing of his vehicle." (*Id.*). The Ninth Circuit further instructed that if this Court concludes that the notice was deficient, it "should also consider whether Officer Hiddema's provision of an address she allegedly knew to be outdated on the impound report contributed to deficiencies in notice regarding the sale of [Plaintiff's] vehicle." (*Id.*). Finally, the Court of Appeals explained that if this Court determines that Officer Hiddema violated Plaintiff's due process rights, it should address the question of qualified immunity. (*Id.*).

The Court ordered the parties to submit briefs to address the issues on remand within

thirty days. (*See* ECF No. 125). More than one year later, Plaintiff submitted a brief, and briefing was completed on February 13, 2014. (*See* ECF Nos. 126–28). The Court now addresses the due process issue as to Hiddema on remand.

## II.   MOTIONS FOR SUMMARY JUDGMENT

On remand, the Court addresses the cross-motions for summary judgment as to the remaining due process claim against Hiddema.

### A.   Legal Standards

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

Allegations by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears in pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Where an imprisoned petitioner appears pro se, the Ninth Circuit has acknowledged that it may be "appropriate to apply the requirements of the summary judgment rule with less than 'strict literalness.'" *Jacobsen*, 790 F.2d at 1365 n.4. Prisoners have unique limitations as a result of their detention. *See Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968) (noting "handicaps . . . detention necessarily imposes upon a litigant"). Despite the relaxed standard, "a

district court is 'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).

## B.     Analysis

The Court now addresses Plaintiff's claim that Defendant Hiddema violated his due process rights by failing to provide notice that his car would be towed and sold. To prevail on a claim for a procedural due process violation, a party must prove three elements: (1) a protectable liberty or property interest; (2) government deprivation of that interest; and (3) a denial of adequate procedural protections. *See Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998). Plaintiff alleges that he had a protectable property interest in his automobile, that Hiddema violated that interest, and that he was denied adequate procedural protection. Specifically, Plaintiff alleges that he received no notice that his car would be towed or sold, preventing him from sending a family member or friend to pick it up. He argues that Hiddema unquestionably knew that Plaintiff no longer lived at the Black Forest Drive address listed on the vehicle registration because she arrested him for failure to report his change of address as an ex-felon. He argues that Hiddema should have asked Plaintiff for his contact information and provided him with a copy of the PIR, or, alternatively, she should have sent notice to CCDC where he was being held.

This Court has held that "due process requires notice to the owners before releasing impounded vehicles." *Johnson v. Bradshaw*, 772 F. Supp. 501, 505 (D. Nev. 1991) *aff'd*, 5 F.3d 537 (9th Cir. 1993). Hiddema argues that Plaintiff was given notice of the location and status of

9 of 16

his vehicle in several ways before it was released and sold. First, Hiddema argues that Plaintiff was given notice when he called Ewing Bros. to inquire about his vehicle. In his deposition, Plaintiff said he called Ewing Bros. and was told his vehicle was no longer impounded. (Dep. L. Rowell, 29:9-13, ECF No. 71-2, at 11). The person who answered the phone said "[s]he didn't know if it got picked up by Metro for forensic testing or for trial or if it was sold at auction." (*Id.*). This information notified Plaintiff only that his vehicle was not at Ewing Bros., not where it was located or whether it was being sold. Moreover, "[t]he responsibility to give notice falls on the police" because "the towing company [would not] be aware of the other facts and circumstances that would be relevant in determining whether giving notice was constitutionally required." *Clement v. City of Glendale*, 518 F.3d 1090, 1097 (9th Cir. 2008). Thus, even if the notice had provided more information it would have been insufficient because LVMPD, not Ewing Bros., is responsible for giving Plaintiff notice.

Second, Hiddema argues that Plaintiff was given notice of the sale of his vehicle through public notice of the auction at which his vehicle was sold. (*See* Aff. Of Publication, 27, ECF No. 71-2). This argument fails because not only did LVMPD not provide the notice, but Plaintiff was also incarcerated and would likely have had no means of seeing the notice. Third, Hiddema argues that Plaintiff was given notice through his attorney. Plaintiff stated that he was appointed counsel one week after his arraignment, (Dep. L. Rowell, 36:13-19, at 13), and that he asked his attorney to find out what happened to his vehicle, (Dep. L. Rowell, 28:17-21, at 11). Through his attorney's efforts, Plaintiff received a "discovery packet" that included a copy of the PIR, (*id.* at 29:1-4), which LVMPD had released to the district attorney's office on July 6, 2007 (Dep. L.

10 of 16

Rowell, 37:3-15, at 13). Plaintiff said he called Ewing Bros. after receiving the discovery packet. (Dep. L. Rowell, 29:2-7, at 11). This chain of events does not constitute notice from LVMPD. Although LVMPD released the PIR to the district attorney's office, no evidence shows LVMPD had any hand in the district attorney's decision to give Plaintiff a copy of the PIR. Indeed, Plaintiff did not receive the PIR until his attorney contacted the district attorney. Furthermore, after Plaintiff received the PIR and contacted Ewing Bros., the towing company could not tell him where his vehicle was located or whether it was being sold. Thus, even if the notice had come from LVMPD it was insufficient.

Fourth, Hiddema argues that Plaintiff received notice through a certified letter sent by Ewing Bros. to the Black Forest Drive address. Although Ewing Bros. did send a certified letter to the Black Forest Drive address, (Letter, 34, ECF No. 127), LVMPD did not send the letter, as Plaintiff argues. Thus, the letter was not sufficient notice. The Court also notes that, as described below, Plaintiff disputes the sufficiency of the letter as notice because he no longer resided at the Black Forest Drive address.

Hiddema has presented no evidence to show LVMPD gave, or even attempted to give, Plaintiff notice of the location and status of his vehicle.[2] Plaintiff stated that he did not receive any notice of the location or status of his vehicle until he received the PIR through his attorney. (Dep. L. Rowell, 26:1-23, at 10). Hiddema cannot show LVMPD gave "'notice reasonably

---

[2] Plaintiff references *Robinson v. Hanrahan*, 409 U.S. 38 (1972) (holding that the State of Illinois failed to provide notice when it knew the appellant was confined in the Cook County jail and mailed notice to his home), but *Robinson* does not apply here because the police department did not attempt to send any notice to Plaintiff's home.

calculated, under all the circumstances, to apprise [Plaintiff] of the [status and location of his vehicle].'" *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Although Hiddema has not shown LVMPD provided Plaintiff with proper notice, which would have absolved Hiddema of Plaintiff's claim, Plaintiff's due process claim is not against LVMPD. He does not allege that LVMPD implemented a custom or policy that failed to require police to give notice to the owner of an impounded vehicle. *See Scofield v. City of Hillsborough*, 862 F.2d 759, 765 (9th Cir. 1988) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). Instead, Plaintiff alleges that Hiddema, as an individual, violated his due process rights; thus, he must show that Hiddema played some role in failing to give proper notice.

Plaintiff alleges that Hiddema violated his due process rights by failing to give him a copy of the PIR and by using the Black Forest Drive address on the PIR when she knew Plaintiff no longer resided at that address. Hiddema does not dispute that she failed to give Plaintiff a copy of the PIR on the day he was arrested. Also, the PIR lists the Black Forest Drive address as the "Registered Owner's Address," (PIR, 22), even though Plaintiff was homeless and did not have an address at the time he was arrested, (Dep. L. Rowell, 14:2-5, at 7; 17:17-19, at 8). Plaintiff argues that Hiddema must have known Plaintiff did not reside at the Black Forest Drive address because the police report accompanying Plaintiff's arrest lists one of the charges against Plaintiff as "ex felon failed change address," (Police Report, 20, ECF No. 71-2), and Hiddema informed Plaintiff of the charges when she arrested him, (Dep. L. Rowell, 24:25, 25:1-3, at 10; Pl's Brief, 3, ECF No. 126). Despite this knowledge, Plaintiff alleges, Hiddema still listed the

Black Forest Drive address on the PIR rather than the address for CCDC. Hiddema does not dispute these facts; however, she argues that she did not have the requisite state of mind for a due process violation.

As the Court reminded the parties in a prior order, (*see* Order, 7, n.1, ECF No. 125), to succeed on a procedural due process claim under § 1983, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived plaintiff of a federal constitutional or statutory right." *Wood v. Ostrander,* 879 F.2d 583, 587 (9th Cir.1989) (citing *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir.1987)). Before a constitutional violation is found under § 1983, however, *the defendant must be shown to have possessed a threshold state of mind. See, e.g.*, *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1088 (9th Cir.2009) (emphasis added); *compare id.* at 1089 (holding that "reckless disregard" is sufficient where investigators failed to disclose exculpatory material to the prosecution) *with Wood*, 879 F.2d at 588 & n. 4 (applying a "deliberate indifference" standard to violations of personal security). In any case, "mere negligence or lack of due care by state officials" does not support a § 1983 claim for violation of the Fourteenth Amendment. *Wood*, 879 F.2d at 587 (citing *Daniels v. Williams*, 474 U.S. 327, 330–32 (1986), and *Davidson v. Cannon*, 474 U.S. 344, 347(1986)). Hiddema argues that at best she exhibited mere negligence, not deliberate indifference or reckless disregard of Plaintiff's rights. She argues that she simply listed the registered owner's address on the PIR as the PIR required her to do, and that Plaintiff is at fault because he should have changed his address within thirty days of moving, as required by Nev. Rev. Stat. 482.283. Plaintiff counters that he was not required to

13 of 16

change his address because thirty days had not passed since he left the Black Forest Drive address. He also argues that Hiddema was more than negligent because she knew of his failure-to-change-address charge and failed to request his current contact information or give him a copy of the PIR.

Plaintiff has presented no evidence to show Hiddema exhibited more than mere negligence. He has presented no evidence, for example, that he asked Hiddema for a copy of the PIR and she refused to provide one, or that he attempted to give Hiddema his contact information and she refused to accept it. No evidence shows Hiddema was required to give Plaintiff a copy of the PIR at the time of his arrest, or that Hiddema was required to send notice herself to Plaintiff at all. Further, no evidence shows that when Hiddema filled out the PIR she made a mental connection between the failure-to-change-address charge and the need to use a different address on the PIR. No evidence shows she deliberately avoided obtaining another address from Plaintiff or that she did not inadvertently use the Black Forest Drive address.

Hiddema argues that if she had been deliberately indifferent to Plaintiff's rights, "she could have placed a hold on the vehicle such that it would not be released to the Plaintiff or his designee. However, [she] did no such thing and, quite frankly, filled out a PIR with the information requested in the form." (Def's Brief, 8, ECF No. 127). Dutifully completing the form without recognizing a need to use a different address might show negligence on Hiddema's part, but it does not show deliberate indifference or reckless disregard of Plaintiff's due process rights. Furthermore, even if Hiddema had used the address for CCDC on the form, no evidence shows LVMPD would have mailed the PIR to Plaintiff. He might have received the PIR from

14 of 16

1    Ewing Bros., but not from LVMPD. Thus, any inaction on Hiddema's part is inconsequential as

2    to whether Plaintiff received, or would have received, notice from LVMPD after the arrest.

3          Plaintiff has presented no evidence to show Hiddema acted with anything other than mere

4    negligence, if she was negligent. No genuine issue of material facts exists as to this question or

5    any other question involved. Plaintiff has failed to establish an essential element on which he

6    would bear the burden of proof at trial. As a result, the Court denies Plaintiff's motion for

7    summary judgment as to his due process claim against Hiddema, and it grants Hiddema's motion

8    for summary judgment.

9    **III.    MOTION FOR AN ORDER**

10         Plaintiff moves the Court to issue an order to address the due process claim as to

11   Hiddema on remand (ECF No. 130). The Court denies the motion as moot.

12   **IV.    MOTION FOR SANCTIONS**

13         Plaintiff moves the Court to order sanctions against Hiddema's counsel for misstating the

14   facts in its supplemental brief (ECF No. 129). Federal Rule of Civil Procedure 11(c)(2) requires

15   a party filing a motion for sanctions to serve the motion under Rule 5 before filing it with the

16   court, giving the alleged offender twenty-one days to withdraw or correct the challenged paper,

17   claim, defense, contention, or denial. Hiddema informs the Court that Plaintiff failed to serve the

18   motion under Rule 5 before filing it with the Court. Plaintiff does not dispute this assertion.

19   Thus, Plaintiff failed to adhere to Rule 11(c)(2), and "[p]ro se litigants must follow the same

20   rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

21   (overruled on other grounds). In addition, sanctions are reserved "for the rare and exceptional

22

23                                          15 of 16

24

case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Plaintiff has not shown Hiddema's counsel made any statements rising to this severity. Finally, under Rule 11(c)(2), "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." The Court declines Defendant's request to award her expenses and fees at this time.

## CONCLUSION

IT IS HEREBY ORDERED that on remand Defendant J. Hiddema's Motion for Summary Judgment as to Plaintiff's due process claim (ECF No. 71) is GRANTED.

IT IS FURTHER ORDERED that on remand Plaintiff's Motion for Summary Judgment as to his due process claim against Defendant J. Hiddema (ECF No. 73) is DENIED.

IT IS FURTHER ORDERED that the Motion for an Order (ECF No. 130) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (ECF No. 129) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of April, 2016.

_____
ROBERT C. JONES
United States District Judge

16 of 16