# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LAMARR ROWELL,

   Plaintiff,

vs.

GIANNONE et al.,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)

2:07-cv-01169-RCJ-RJJ

**ORDER**

   On July 5, 2007, Plaintiff Lamarr Rowell was stopped by Las Vegas Metropolitan Police Department ("LVMPD") Officers Hiddema, Seed, and Young while driving his 1996 Dodge Neon on 4920 South Fort Apache Road in Las Vegas.  The officers, along with Detective J. Giannone[1] (collectively "the Police Defendants"), arrested Plaintiff for burglary, possession of a credit card without the owner's consent, and failure to change address as an ex-felon. (Compl. 4, ECF No. 5; Police Report, ECF No. 71-2, at 20).  Officer Hiddema completed a Property

---

[1] The parties and Court have used two variations of Officer Giannone's last name: Giannone and Giannoue. The Court will use Giannone moving forward because the officer signed his name using this spelling on the police report involved in the case. (*See* Police Report, 20, ECF No. 71-2).

Impound Report ("PIR"), listing the "Registered Owner's Address" as "2928 Black Forest Dr." (PIR, ECF No. 71-2, at 22).  Plaintiff was homeless and, thus, did not have an address at the time he was arrested. (Rowell Dep. 14:2–5, ECF No. 71-2, at 2).

Following the arrest, Plaintiff was transported to Clark County Detention Center ("CCDC"), and  Ewing Bros. Towing Co. ("Ewing Bros.") towed his vehicle. (*Id.*).  Although the vehicle was used in the commission of a burglary, the LVMPD did not place a hold on it. (PIR, 22).  Similarly, the PIR specifically states that the vehicle was free to be released. (*See id.*).  During his deposition, Plaintiff showed Defendants a copy of the PIR released to his attorney.  According to the dissemination stamp on this copy, the PIR was released by LVMPD to the Clark County District Attorney on July 6, 2007, one day after Plaintiff's arrest. (Rowell Dep. 37:3–15).  Plaintiff retained counsel a week after his arraignment. (*Id.* at 36:13–19).

On July 7, Ewing Bros. sent Plaintiff a notice of public auction. (Notice, ECF No.71–2, at 24).  The notice was mailed via certified letter, which was signed for by a "Jesse L. Sanders" at the Black Forest Drive address listed on the vehicle registration. (*Id.*).  The letter explained that the vehicle would be auctioned on August 24, 2007, unless Plaintiff made arrangements to pay the applicable towing, storage, and administrative charges. (*Id.*)  Ewing Bros. also published a notice of public auction on August 2, 9, and 16 of 2007 in the Las Vegas Review-Journal and Las Vegas Sun newspapers. (Published Notice, ECF No. 71-2, at 27).  The vehicle was apparently sold at auction.

On the night of his arrest, Plaintiff called family members to arrange for someone to retrieve the vehicle from the scene of the arrest "but was told that it was no longer there." (Opp'n

to Mot. Summ. J. 5, ECF No. 79).  Plaintiff claims that had he known the car had been

impounded at the Ewing Bros. facility, he would have had someone retrieve it that night. (Rowell

Dep. 30:8–11).  He also admits that although he was familiar with the CCDC inmate grievance

procedure, whereby inmates can send "kites" to CCDC staff to inquire about specific property

matters, he never sent a grievance to any CCDC employee regarding his vehicle. (*Id.* at 28:1–16).

Instead, his efforts to locate the vehicle consisted of enlisting his attorney to investigate the

matter. (*Id.* at 28:19–21).  On or around August 23, Plaintiff received a discovery packet, which

contained a copy of the PIR. (*Id.* at 29:1–4).  Plaintiff then contacted Ewing Bros. and learned

that the vehicle was no longer in the possession of Ewing Bros. (*Id.* at 29:5–13).

On August 30, 2007, Plaintiff sued Defendants in this Court for violations of his Fourth

Amendment right to be free from unreasonable searches and seizures and violations of his due

process and equal protection rights under the Fourteenth Amendment.  Plaintiff requested: (1) a

permanent injunction to stop the Police Defendants from following Plaintiff; (2) a permanent

injunction to stop the Police Defendants from selling or stealing property; (3) an order that the

Police Defendants return all of Plaintiff's property; (4) $25 million in damages for the three

counts for which he was convicted; and (5) $1 million in damages for each day that he had been

incarcerated without a final disposition of the charges against him.  The Police Defendants moved

to dismiss, and the Court granted the motion in part, dismissing the entire Complaint with

prejudice, except for the procedural due process claim.  The Court denied default judgment to

Plaintiff, even against Ewing Bros., who had failed to defend, because the Police Defendants

intended to file a motion for summary judgment that would test the merits of the case.  The Court

granted the Police Defendants' motion for summary judgment and dismissed the case, concluding that Plaintiff had failed to present any evidence showing that Defendants Giannone, Seed, or Young personally participated in the sale of Plaintiff's vehicle.  The Court found that Plaintiff had conceded that Defendants Seed, Giannone, and Young had nothing to do with the seizure or sale of his vehicle.  The Court also concluded that there was no evidence to support a finding that Defendant Hiddema was involved in the sale of the vehicle and that a reasonable fact-finder would conclude that the sale was caused by Ewing Bros.

Plaintiff appealed.  The Court of Appeals affirmed dismissal of Plaintiff's claims against Ewing Bros. and his Fourth Amendment claims, although it determined the Court should have given leave to amend the Fourth Amendment claims.  The Court of Appeals affirmed summary judgment to Giannone, Seed, and Young but reversed as to the due process claim against Hiddema based on lack of notice of the towing.  The Court ordered the parties to submit briefs to address the issues on remand, which they did.  The Court granted summary judgment to Hiddema against the due process claim.  No claims remain.  The Court previously granted Plaintiff leave to amend his Fourth Amendment claims, as instructed by the Court of Appeals, but Plaintiff has not submitted any amended pleading in the meantime.  Plaintiff has asked the Court to appoint counsel to represent him.  The Court denies the motion.

///

///

///

///

4 of 5

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Appointment of Counsel (ECF No. 136) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint as to his Fourth Amendment claims within fourteen (14) days of the entry of this order into the electronic docket, or the Court may dismiss with prejudice without further notice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: This 12th day of December, 2016.

_____
ROBERT C. JONES
United States District Judge