UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAMARR ROWELL,

    Plaintiff,

vs.

GIANNONE et al.,

    Defendants.

2:07-cv-01169-RCJ-RJJ

ORDER

This is a prisoner civil rights case on partial remand from the Ninth Circuit. Pending before the Court is Plaintiff's "Motion to Vacate Order Dismissing Fourth Amendment Claim Without Prejudice." (ECF No. 154.) For the reasons given herein, the Court denies the motion.

I.    FACTS AND PROCEDURAL BACKGROUND

The factual and procedural history of this case have been detailed in the Court's prior orders. In pertinent part, on July 5, 2007, the LVMPD Defendants arrested Plaintiff for burglary, possession of a credit card without the owner's consent, and for an ex-felon's failure to change address. On August 30, 2007, Plaintiff filed this § 1983 action alleging, *inter alia*, violations of his Fourth Amendment right to be free from unreasonable searches and seizures in relation to the July 5 arrest. On December 5, 2007, Plaintiff pled guilty to amended charges of burglary and grand larceny.

/ / /

On November 26, 2008, the Court dismissed the Fourth Amendment claim on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Accordingly, the Court held that Plaintiff's claim of an illegal search and seizure was barred by *Heck*, stating:

> Thus, even factually sufficient claims of false arrest, false imprisonment, and illegal search and seizure by Plaintiff would not be presently cognizable. To proceed on such claims, Plaintiff must show that any state charges against him arising from the facts relevant to this case have been dismissed or otherwise invalidated, or that any conviction on those charges has been invalidated. . . . Here, Plaintiff remains in custody for the crimes for which he was arrested on July 5, 2007. Because Plaintiff has not demonstrated that the charges against him have been dismissed or otherwise invalidated, Plaintiff's action is premature and must be dismissed.

(Order 5–6, ECF No. 36.)

On March 6, 2012, the Ninth Circuit affirmed the Court's dismissal of Plaintiff's Fourth Amendment claim: "The district court properly dismissed Rowell's Fourth Amendment search and seizure claims arising from his arrest because they were *Heck*-barred." *Rowell v. Ewing Bros. Towing Co.*, 471 F. App'x 597, 599 (9th Cir. 2012). However, the appellate panel nonetheless found that the Court erred by dismissing these claims with prejudice—because "claims barred by *Heck* should be dismissed without prejudice"—and remanded with instructions that the Fourth Amendment claims be dismissed without prejudice. The Court complied with the Ninth Circuit's instructions on December 31, 2013. (*See* Order, ECF No. 125.) In another order, on December 12, 2016, the Court reiterated that Plaintiff's Fourth Amendment claims had been dismissed without prejudice and granted Plaintiff leave to amend his Complaint as to those claims. (*See* Order 4–5, ECF No. 148.)

Plaintiff has since filed an amended complaint. (ECF No. 152.) Plaintiff has also filed a motion to vacate the Court's order of December 31, 2013, in which his Fourth Amendment claims were dismissed without prejudice pursuant to Ninth Circuit instruction. (Mot. Vacate, ECF No. 154.)

## II. ANALYSIS

There is no basis for granting Plaintiff's motion. He asks the Court to vacate an order dismissing his Fourth Amendment claims, but those claims were dismissed without prejudice, and Plaintiff was granted leave to amend his pleading with respect to those claims. Plaintiff has since amended his pleading, which resulted in the revival of the previously dismissed Fourth Amendment claims. (*See* Am. Compl., ECF No. 152.) There is no reason for the Court to vacate its prior order; the only question is whether the Amended Complaint cures the deficiencies of the original pleading. Furthermore, the Court entered the order of dismissal under express instruction to do so from the Ninth Circuit. *Rowell*, 471 F. App'x at 599 ("[W]e vacate the judgment as to [the Fourth Amendment] claims, and remand with instructions for the district court to dismiss these claims without prejudice."). Therefore, the Court lacks authority to vacate the order, as this would directly contravene the Ninth Circuit's mandate. The motion is denied.

However, Plaintiff's motion raises arguments relevant to the Amended Complaint, and the Court will address them here. Citing *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011), plaintiff argues that the dismissal of his Fourth Amendment claims was improper because his conviction was the result of a guilty plea. Therefore, because no evidence was presented against him in any criminal proceeding, Plaintiff asserts that success on his § 1983 claim—i.e., a finding that the search and seizure related to his arrest on July 5, 2007, were in violation of his Fourth Amendment rights—could not imply the invalidity of his conviction or sentence. Therefore,

Plaintiff argues, the Fourth Amendment claims are not *Heck*-barred. (*See* Mot. Vacate 2, ECF No. 154.)

However, the Court's dismissal of the Fourth Amendment claims under *Heck* has already been affirmed by the Ninth Circuit. *See Rowell*, 471 F. App'x at 599 ("The district court properly dismissed Rowell's Fourth Amendment search and seizure claims arising from his arrest because they were *Heck*-barred."). "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quotation marks omitted). "When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995). Here, it has been explicitly established by a higher court that *Heck* applies to Plaintiff's specific Fourth Amendment claims, and that the effect of *Heck* in this case is to bar such claims unless and until Plaintiff "show[s] that any state charges against him arising from the facts relevant to this case have been dismissed or otherwise invalidated, or that any conviction on those charges has been invalidated." (Order 5, ECF No. 36.) Therefore, notwithstanding conflicting Ninth Circuit opinions relevant to the arguments raised by Plaintiff,[1] the Court is bound by the law of the case established by the appellate panel, and would abuse its discretion in departing from it.

---

1 *Compare Ove v. Gwinn*, 264 F.3d 817, 823 (9th Cir. 2001) (where § 1983 plaintiffs have pled guilty or no contest in a criminal case, and then assert Fourth Amendment claims for illegal search and seizure in relation to the same criminal charges, their civil action is not *Heck*-barred because "[t]heir convictions derive from their pleas, not from verdicts obtained with supposedly illegal evidence"), *and Lockett*, 656 F.3d at 896–97 (same, plea of no contest), *with Whitaker v. Garcetti*, 486 F.3d 572, 583–585 (9th Cir. 2007) (where § 1983 plaintiffs have pled guilty, their Fourth Amendment claims for illegal search and seizure are nonetheless *Heck*-barred), *and Szajer v. City of Los Angeles*, 632 F.3d 607, 610–612 (9th Cir. 2011) (same, plea of no contest).

Consequently, the only way Plaintiff can properly plead his Fourth Amendment claim is to include allegations that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. No such allegations appear in the Amended Complaint. Therefore, the Court will order Plaintiff to show cause why the Amended Complaint should not be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that the motion (ECF No. 154) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall file, within thirty days of this order, a memorandum of points and authorities showing cause why the Amended Complaint should not be dismissed.

IT IS SO ORDERED. October 19, 2017.

_____
ROBERT C. JONES
United States District Judge